IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,123




EX PARTE JIMMIE LEE HENDERSON, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 40,993-B IN THE 78TH DISTRICT COURT
FROM WICHITA COUNTY




           Per curiam.

OPINION

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery and
sentenced to ten (10) years’ imprisonment. The Second Court of Appeals dismissed his appeal. See
Henderson v. State, No. 02-04-00554-CR, (Tex. App.– Fort Worth, 2005, no pet.) (not designated
for publication). 
            Applicant alleges that he was arrested while in Florida because the authorities erroneously
believed that he was a person by the name of Bobby Henderson from Smith County, Texas, with an
outstanding parole-revocation warrant. He alleges that he was transferred to Smith County, Texas, 
on October 26, 2005, and confined there until February 16, 2006, when he was transferred to Wichita
County. Applicant seeks credit for the period of time he was confined in Smith County. 
            On October 29, 2008, this Court remanded this application so that the record could be
supplemented with more evidence. In response to this Court’s remand order, the trial judge
supplemented the record with inter alia affidavits from the Texas Department of Criminal Justice,
the Florida Department of Corrections, and the Wichita County Sheriff’s Department. The trial
judge has entered findings of fact and conclusions of law recommending that relief be granted. We
agree. 
            Applicant is entitled to credit for the time that he was confined in Smith County. The Texas
Department of Criminal Justice shall credit Applicant’s sentence in cause number 40,993-B from
the 78th District Court of Wichita County with 114 days jail time credit.
            Copies of this opinion will be sent to the Texas Department of Criminal Justice, Institutional
and Pardons and Paroles Divisions.    
 
Filed: April 1, 2009
Do not publish